UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X
FLOR MARIA PERALTA ANDRADE and CARLOS
ALBERTO AQUINO PINEDA, individually and on behalf of
all others similarly situated,

                           Plaintiffs,

      -against-

VICOLINA RESTAURANT VENTURE LLC, KAFI INC.,
HIRAMASA RESTAURANT VENTURE LLC, and ATELIER
ESPRESSO BAR, INC. and MICHEL MROUE and KAMAL
BADR, as individuals,

                           Defendants.
-----------------------------------------------------------------------X

**COLLECTIVE ACTION
COMPLAINT**

JURY TRIAL
REQUESTED

Plaintiffs **FLOR MARIA PERALTA ANDRADE and CARLOS ALBERTO AQUINO PINEDA**, individually and on behalf of all others similarly situated (hereinafter referred to as "Plaintiffs") by their attorneys at Helen F. Dalton & Associates, P.C., alleges, upon personal knowledge as to themselves and upon information and belief as to other matters, as follows:

## PRELIMINARY STATEMENT

1. Plaintiffs, through undersigned counsel, brings this action against **VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC. and MICHEL MROUE and KAMAL BADR, as individuals** (collectively hereinafter, "Defendants") to recover damages for Defendants' egregious violations of state and federal wage and hour laws arising out of Plaintiffs' employment at **VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC.,** located at 1302 Madison Avenue, New York, NY 10128, 1312 Madison Avenue, New York, NY 10128, and 1300 Madison Avenue, New York, NY 10128.

2. As a result of the violations of Federal and New York State labor laws delineated below, Plaintiffs seek compensatory damages and liquidated damages. Plaintiffs also seek

1

interest, attorneys' fees, costs, and all other legal and equitable remedies this Court
deems appropriate.

## JURISDICTION AND VENUE

3.  This Court has subject matter jurisdiction over Plaintiffs' federal claims pursuant to the
    FLSA, 29 U.S.C. §216 and 28 U.S.C. §1331.

4.  This Court has supplemental jurisdiction over Plaintiffs' other state law claims pursuant
    to 28 U.S.C. §1367.

5.  Venue is proper in the SOUTHERN District of New York pursuant to 28 U.S.C.
    §1391(b) because a substantial part of the events or omissions giving rise to the claims
    herein occurred in this judicial district.

6.  This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§2201
    & 2202.

## THE PARTIES

### *The Plaintiffs*

7.  Plaintiff FLOR MARIA PERALTA ANDRADE residing at New York, NY was
    employed by VICOLINA RESTAURANT VENTURE LLC, KAFI INC.,
    HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR,
    INC., located at 1302 Madison Avenue, New York, NY 10128, 1312 Madison Avenue,
    New York, NY 10128, and 1300 Madison Avenue, New York, NY 10128, from in or
    around November 2021 until in or around March 2023.

8.  Plaintiff CARLOS ALBERTO AQUINO PINEDA residing at Corona, NY was
    employed by VICOLINA RESTAURANT VENTURE LLC, KAFI, INC.,
    HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR,
    INC., located at 1302 Madison Avenue, New York, NY 10128, 1312 Madison Avenue,
    New York, NY 10128, and 1300 Madison Avenue, New York, NY 10128, from in or
    around January 2022 until in or around February 2023.

9.  During all relevant times hereto, Plaintiffs FLOR MARIA PERALTA ANDRADE and
    CARLOS ALBERTO AQUINO PINEDA performed work at VICOLINA

RESTAURANT VENTURE LLC, KAFI, INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR.

### *The Defendants*

### Vicolina Restaurant Venture LLC

10. Defendant, VICOLINA RESTAURANT VENTURE LLC, is a New York domestic limited liability company, organized under the laws of the State of New York with a principal executive office at 1302 Madison Avenue, New York, NY 10128.

11. Defendant, VICOLINA RESTAURANT VENTURE LLC, is registered in the New York Department of State, Division of Corporation with service of process address at 750 Lexington Avenue, New York, NY 10022.

### Kafi Inc.

12. Defendant, KAFI INC., is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office at 1302 Madison Avenue, New York, NY 10128.

13. Defendant, KAFI INC., is registered in the New York Department of State, Division of Corporation with service of process address at 611 Fifth Avenue, 5th Floor, New York, NY 10017.

### Hiramasa Restaurant Venture LLC

14. Defendant, HIRAMASA RESTAURANT VENTURE LLC, is a New York domestic limited liability company, organized under the laws of the State of New York with a principal executive office at 1312 Madison Avenue, New York, NY 10128.

15. Defendant, HIRAMASA RESTAURANT VENTURE LLC, is registered in the New York Department of State, Division of Corporation with service of process address at 1302 Madison Avenue, Suite 2, New York, NY 10128.

### Atelier Espresso Bar, Inc.

16. Defendant, ATELIER ESPRESSO BAR, INC. is a New York domestic business corporation, organized under the laws of the State of New York with a principal executive office and service of process address located at 1300 Madison Avenue, New York, NY 10128.

17. Defendant ATELIER ESPRESSO BAR, INC., is a New York domestic business corporation authorized to do business under the laws of New York.

### Joint Enterprise(s) of the Corporate Defendants

18. At all times relevant hereto, Defendants acted as a single employer in general and a joint employer with respect to Plaintiffs, as Defendants held out Plaintiffs as employees of VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC.

19. Both Corporate entities employed the same employees, including Plaintiffs, performed work on the same job sites, and were both responsible for issuing Plaintiffs their wages.

20. The Corporate entities functioned as a single integrated enterprise during Plaintiffs' employment by Defendants.

21. At all times relevant to the allegations contained in the complaint, Corporate Defendants were, and are, enterprises engaged in interstate commerce within the meaning of the FLSA in that VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC. (i) have purchased goods, tools, and supplies for its business through the streams and channels of interstate commerce, and have had employees engaged in interstate commerce, and/ or in the production of goods intended for commerce, and handle, sell and otherwise work with goods and material that have been moved in or produced for commerce by any person: and (ii) has had annual gross volume of sales of not less than $500,000.00.

22. At all times relevant to this action, Corporate Defendants were enterprises as defined in Sec. 3(r) of the FLSA, 29 U.S.C. § 203(r).

23. At all times relevant to this action, Corporate Defendants were Plaintiffs' employers as defined by 29 U.S.C. § 203(d) and NYLL §§ 2(6), 190(3) and 651(6) and Corporate Defendants employed or jointly employed Plaintiffs.

24. Upon information and belief, Corporate Defendants shared a common or overlapping management, as all are operated by the individual Defendant(s) sued herein.

4

25. Upon information and belief, Corporate Defendants shared the same pay practices, policies and procedures, and/or payroll systems for paying employees of Corporate Defendants.

26. Upon information and belief, Corporate Defendants functioned as a single integrated enterprise for purposes of the FLSA/NYLL.

### *Individual Defendants*

### **Michel Mroue and Kamal Badr**

27. At all relevant times hereto, Defendants MICHEL MROUE and KAMAL BADR own and operate VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC.

28. Upon information and belief, Defendants MICHEL MROUE and KAMAL BADR are agents of VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC.

29.  At all relevant times hereto, Defendants MICHEL MROUE and KAMAL BADR are responsible for overseeing the daily operations of VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC.

30. At all relevant times hereto, Defendants MICHEL MROUE and KAMAL BADR have power and authority over all the final personnel decisions of VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC.

31. At all relevant times hereto, Defendants MICHEL MROUE and KAMAL BADR have the power and authority over all final payroll decisions of VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC., including the Plaintiffs.

32. At all relevant times hereto, Defendants MICHEL MROUE and KAMAL BADR have the exclusive final power to hire the employees of VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC., including the Plaintiffs.

33. At all relevant times hereto, Defendants MICHEL MROUE and KAMAL BADR have exclusive final power over the firing and terminating of the employees of VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC., including Plaintiffs.

34. At all relevant times hereto, Defendants MICHEL MROUE and KAMAL BADR are responsible for determining, establishing, and paying the wages of all employees of VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC., including the Plaintiffs, setting their work schedules, and maintaining all their employment records of the business.

35. Accordingly, at all relevant times hereto, Defendants MICHEL MROUE and KAMAL BADR were Plaintiffs' employers within the meaning and the intent of the FLSA, and the NYLL.

**FACTUAL ALLEGATIONS**
**FLOR MARIA PERALTA ANDRADE**

36. Plaintiff FLOR MARIA PERALTA ANDRADE was employed by VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC., with primary duties as a cleaner and dishwasher while performing related miscellaneous duties for the Defendants, from in or around November 2021 until in or around March 2023.

37. Plaintiff FLOR MARIA PERALTA ANDRADE regularly worked six (6) days per week from in or around November 2021 until in or around March 2023.

38. Plaintiff regularly worked a schedule of shifts:

i. from in or around November 2021 until in or around November 2022: beginning at approximately 7:00 a.m. each workday and regularly ending at approximately 4:00 p.m. or later, four (4) days per week, and from approximately 7:00 a.m. each workday and regularly ending at approximately 5:00 p.m. or later, two (2) days per week, and,

ii. from in or around December 2022 until in or around March 2023: beginning approximately 3:00 p.m. each workday and regularly ending at approximately

12:00 a.m. or later, four (4) days per week, and from 3:00 p.m. each workday and regularly ending at approximately 1:00 a.m. or later, two (2) days per week, from in or around December 2022 until in or around March 2023.

39. Thus, Plaintiff was regularly required to work approximately fifty-six (56) hours per week from in or around November 2021 until in or around March 2023.

40. Plaintiff was paid by Defendants a regular hourly rate of $15.00 per hour for all hours worked from in or around November 2021 until in or around March 2023.

41. Although Plaintiff regularly worked approximately fifty-six (56) hours or more hours per week from in or around November 2021 until in or around March 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for her hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

42. Furthermore, Plaintiff was not compensated at all by Defendants for her one (1) week of vacation leave which Defendants agreed to compensate.

43. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

44. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of her hire or at any time during her employment in violation of the NYLL.

45. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

46. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy her compensation problems, lack of knowledge about the rates of pay she was receiving and/or should have receiving for her regular hours and overtime hours, terms, and conditions of her pay, and furthermore, an inability to identify her hourly rate of pay to ascertain whether she was being properly paid in compliance with the FLSA and NYLL – which she was not.

47. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate her hours worked, and

proper rates of pay, and determine if she was being paid time-and-a-half for her overtime hours as required by the FLSA and NYLL.

## CARLOS ALBERTO AQUINO PINEDA

48. Plaintiff CARLOS ALBERTO AQUINO PINEDA was employed by VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC., with primary duties as a delivery person, dishwasher, and cleaner while performing related miscellaneous duties for the Defendants, from in or around January 2022 until in or around February 2023.

49. Plaintiff CARLOS ALBERTO AQUINO PINEDA regularly worked five (5) days per week from in or around January 2022 until in or around February 2023.

50. Plaintiff regularly worked a schedule of shifts beginning at approximately 4:00 p.m. each workday and regularly ending at approximately 12:00 a.m. or later, two (2) days per week, and from approximately 4:00 p.m. each workday and regularly ending at approximately 2:00 a.m. or later, three (3) days per week, from in or around January 2022 until in or around February 2023.

51. Thus, Plaintiff was regularly required to work approximately forty-six (46) hours per week from in or around January 2022 until in or around February 2023.

52. Plaintiff was paid by Defendants a regular hourly rate of $15.00 per hour for all hours worked from in or around January 2022 until in or around February 2023.

53. Although Plaintiff regularly worked approximately forty-six (46) hours or more hours per week from in or around January 2022 until in or around February 2023, the Defendants did not pay Plaintiff at a wage rate of time and a half (1.5) for his hours regularly worked over forty (40) hours in a work week, a blatant violation of the overtime provisions contained in the FLSA and NYLL.

54. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

55. Upon information and belief, Defendants failed to provide Plaintiff with a wage notice at the time of his hire or at any time during his employment in violation of the NYLL.

56. Upon information and belief, Defendants failed to provide Plaintiff with an accurate wage statement that included all hours worked and all wages received each week when Plaintiff was paid in violation of the NYLL.

57. Moreover, Defendants were aware that they were not properly compensating Plaintiff and therefore willfully chose to continue to violate the NYLL by not paying Plaintiff proper minimum wages and overtime wages.

58. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiff suffered a concrete harm, resulting from Plaintiff's inability to identify Plaintiff's employer to remedy his compensation problems, lack of knowledge about the rates of pay he was receiving and/or should have receiving for his regular hours and overtime hours, terms, and conditions of his pay, and furthermore, an inability to identify his hourly rate of pay to ascertain whether he was being properly paid in compliance with the FLSA and NYLL – which he was not.

59. Furthermore, Defendants' alleged willful failures to provide Plaintiff with these documents prevented Plaintiff from being able to calculate his hours worked, and proper rates of pay, and determine if he was being paid time-and-a-half for his overtime hours as required by the FLSA and NYLL.

## DEFENDANTS' VIOLATIONS UNDER NYLL
## COMMON TO ALL PLAINTIFFS

60. Upon information and belief, Defendants willfully failed to post notices of the minimum wage and overtime wage requirements in a conspicuous place at the location of their employment as required by the FLSA and NYLL.

61. Upon information and belief, Defendants failed to provide Plaintiffs with a wage notice at the time of their hire or at any time during their employment in violation of the NYLL.

62. Upon information and belief, Defendants failed to provide Plaintiffs with an accurate wage statement that included all hours worked and all wages received each week when Plaintiffs were paid in violation of the NYLL.

63. As a direct result of Defendants' violations and failure to provide proper wage notices and wage statements, Plaintiffs suffered a concrete harm, resulting from Plaintiffs'

inability to identify Plaintiffs' employer to remedy their compensation problems, lack of knowledge about the rates of pay they were receiving and/or should have receiving for their regular hours and overtime hours, terms, and conditions of their pay, and furthermore, an inability to identify their hourly rate of pay to ascertain whether they was being properly paid in compliance with the FLSA and NYLL – which they were not.

64. Furthermore, Defendants' alleged willful failures to provide Plaintiffs with these documents prevented Plaintiffs from being able to calculate their hours worked, and proper rates of pay, and determine if they were being paid time-and-a-half for their overtime hours as required by the FLSA and NYLL.

## **COLLECTIVE ACTION ALLEGATIONS**

65. Plaintiffs bring this action on behalf of themselves, and other employees similarly situated as authorized under the FLSA, 29 U.S.C. § 216(b). The employees similarly situated are the collective class.

66. Collective Class: All persons who are or have been employed by the Defendants as cleaners, dishwashers, delivery persons, or other similarly titled personnel with substantially similar job requirements and pay provisions, who were performing the same sort of functions for Defendants, other than the executive and management positions, who have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay required minimum and overtime wage compensation.

67. Upon information and belief, Defendants employed approximately 15 or more employees within the relevant time period who were subjected to similar payment structures.

68. Upon information and belief, Defendants suffered and permitted Plaintiffs and the Collective Class to work more than forty hours per week without appropriate overtime compensation.

69. Defendants' unlawful conduct has been widespread, repeated, and consistent.

70. Upon information and belief, Defendants had knowledge that Plaintiffs and the Collective Class performed work requiring overtime pay.

71. Defendants' conduct as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiffs and the Collective Class.

72. Defendants are liable under the FLSA for failing to properly compensate Plaintiffs and the Collective Class, and as such, notice should be sent to the Collective Class.  There are numerous similarly situated current and former employees of Defendants who have been denied overtime pay in violation of the FLSA and NYLL, who would benefit from the issuance of a Court-supervised notice of the present lawsuit, and the opportunity to join the present lawsuit.  Those similarly situated employees are known to Defendants and are readily identifiable through Defendants' records.

73. The questions of law and fact common to the putative class predominate over any questions affecting only individual members.

74. The claims of Plaintiffs are typical of the claims of the putative class.

75. Plaintiffs and their counsel will fairly and adequately protect the interests of the putative class.

76. A collective action is superior to other available methods for the fair and efficient adjudication of this controversy.

## <u>FIRST CAUSE OF ACTION</u>
### Overtime Wages Under The Fair Labor Standards Act

77. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

78. Plaintiffs have consented in writing to be a party to this action, pursuant to 29 U.S.C. §216(b) *et seq*.

79. At all times relevant to this action, Plaintiffs were engaged in interstate commerce and/or was engaged in the production of goods for/through the channels of interstate commerce within the meaning of 29 U.S.C. §§206(a) and 207(a), *et seq*.

80. At all times relevant to this action, Defendants were employers engaged in commerce or the production of goods for commerce within the meaning of 29 U.S.C. §§206(a) and 207(a).

81. Defendants willfully failed to pay Plaintiffs' overtime wages for all hours regularly worked in excess of forty (40) hours per week at a wage rate of one and a half (1.5)

times the regular wage, to which Plaintiffs were entitled under 29 U.S.C. §§206(a) in violation of 29 U.S.C. §207(a)(1).

82. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made any good faith effort to comply with their obligations under the FLSA with respect to the compensation of the Plaintiffs.

83. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

**SECOND CAUSE OF ACTION**
**Overtime Wages Under New York Labor Law**

84. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

85. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

86. Defendants failed to pay Plaintiffs' overtime wages for hours worked in excess of forty hours per week at a wage rate of one and a half (1.5) times the regular wage to which Plaintiffs were entitled under New York Labor Law §652, in violation of 12 N.Y.C.R.R. 137-1.3, *et seq*.

87. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid overtime wages and an amount equal to their unpaid overtime wages in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest in accordance with NY Labor Law §198(1-a).

**THIRD CAUSE OF ACTION**
**Unpaid Wages Under The Fair Labor Standards Act**

88. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

89. Defendants willfully failed to pay Plaintiffs' wages for hours worked in violation of 29 U.S.C. §206(a).

90. Defendants' violations of the FLSA as described in this Complaint have been willful and intentional. Defendants have not made a good effort to comply with the FLSA with respect to compensating the Plaintiffs.

91. Due to Defendants' FLSA violations, Plaintiffs are entitled to recover from Defendants, jointly and severally, their unpaid wages and an equal amount in the form of liquidated damages, as well as reasonable attorneys' fees and costs of the action, including interest, pursuant to the FLSA, specifically 29 U.S.C. §216(b).

## FOURTH CAUSE OF ACTION
### Unpaid Wages Under The New York Labor Law

92. Plaintiffs incorporate by reference all allegations in all preceding paragraphs.

93. At all times relevant to this action, Plaintiffs were employed by Defendants within the meaning of New York Labor Law §§2 and 651.

94. Defendants failed to pay Plaintiffs' wages for hours worked in violation of New York Labor Law Article 6.

95. Due to Defendants' New York Labor Law violations, Plaintiffs are entitled to recover from the Defendants, jointly and severally, their unpaid wages and an amount equal to their unpaid wages in the form of liquidated damages, as well as reasonable attorney's fees and costs of the action, including interest in accordance with N.Y. Labor Law §198 (1-a).

## FIFTH CAUSE OF ACTION
### Violation of the Wage Statement Requirements of the New York Labor Law

96. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

97. Defendants failed to provide Plaintiffs with wage statements, upon each payment of their wages, as required by NYLL §195(3).

98. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

13

## SIXTH CAUSE OF ACTION

**Violation of the Notice and Recordkeeping Requirements of the New York Labor Law**

99. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

100. Defendants failed to provide Plaintiffs with a written notice, in English and in Spanish (Plaintiffs' primary language), of their rate of pay, regular pay day, and such other information as required by NYLL §195(1).

101. Defendants are liable to Plaintiffs in the amount of $5,000.00 per Plaintiff, together with costs and attorneys' fees.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs respectfully request that judgment be granted:

a. Declaring Defendants' conduct complained herein to be in violation of the Plaintiffs' rights under the FLSA, the New York Labor Law, and its regulations;

b. Awarding Plaintiffs' unpaid overtime wages;

c. Awarding Plaintiffs' unpaid wages;

d. Awarding Plaintiffs liquidated damages pursuant to 29 U.S.C. §216 and New York Labor Law §§198(1-a), 663(1);

e. Awarding Plaintiffs prejudgment and post-judgment interest;

f. Awarding Plaintiffs the costs of this action together with reasonable attorneys' fees; and

g. Awarding such and further relief as this court deems necessary and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury on all questions of fact raised by the complaint.

Dated:  June 11, 2024
        Kew Gardens, NY

_Roman Avshalumov_
Roman Avshalumov (RA 5508)
Helen F. Dalton & Associates, P.C.
80-02 Kew Gardens Road, Suite 601
Kew Gardens, New York 11415
Telephone: 718-263-9591

15

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

FLOR MARIA PERALTA ANDRADE and CARLOS ALBERTO AQUINO PINEDA, individually and on behalf of all others similarly situated,

Plaintiffs,

-against-

VICOLINA RESTAURANT VENTURE LLC, KAFI INC., HIRAMASA RESTAURANT VENTURE LLC, and ATELIER ESPRESSO BAR, INC. and MICHEL MROUE and KAMAL BADR, as individuals,

Defendants,

---

## COLLECTIVE ACTION COMPLAINT

---

*Jury Trial Demanded*

---

**HELEN F. DALTON & ASSOCIATES, P.C.**
*Attorneys for the Plaintiffs*
80-02 Kew Gardens Road
Suite 601
Kew Gardens, New York 11415
Phone: (718) 263-9591
Fax: (718) 263-9598

---

To:

*Service via Secretary of State:*
**VICOLINA RESTAURANT VENTURE LLC (DOS ID: 5558264)**
750 Lexington Avenue, New York, NY 10022
**KAFI INC. (DOS ID: 5626809)**
611 Fifth Avenue, 5th Floor, New York, NY 10017
**HIRAMASA RESTAURANT VENTURE LLC (DOS ID: 5897951)**
1302 Madison Avenue, Suite 2, New York, NY 10128
**ATELIER ESPRESSO BAR, INC. (DOS ID: 650425)**
1300 Madison Avenue, New York, NY 10128

*via Personal Service:*
**VICOLINA RESTAURANT VENTURE LLC**
1302 Madison Avenue, New York, NY 10128

16

**KAFI INC.**
1302 Madison Avenue, New York, NY 10128
**HIRAMASA RESTAURANT VENTURE LLC**
1312 Madison Avenue, New York, NY 10128
**ATELIER ESPRESSO BAR, INC.**
1300 Madison Avenue, New York, NY 10128
**MICHEL MROUE**
1302 Madison Avenue, New York, NY 10128
**KAMAL BADR**
1302 Madison Avenue, New York, NY 10128